# Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY |

| Plaintiff | Janeda Rossi | | Defendant | Verizon Communications Inc |
|---|---|---|---|---|
| ADDRESS: | 200 Leisure Lane, Unit 97 | | ADDRESS: | 900 Chelmsford Street |
| | Stoneham, MA 02180 | | | Lowell, MA 01851 |
| | | | | 978-275-4103 |
| Plaintiff Attorney: | Joseph P. Franzese | | Defendant Attorney: | |
| ADDRESS: | 152 The Lynnway, 3B | | ADDRESS: | |
| | Lynn, MA 01902 | | | |
| 781-477-0300 | Email: joefran7@yahoo.com | | | |
| BBO: | 547989 | | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D13 | Declaratory Judgment | A | ☒ YES   ☐ NO |

*"If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES   ☒ NO | ☐ YES   ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212. § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses               _____

    2. Total doctor expenses     **RECEIVED**      _____

    3. Total chiropractic expenses   JP            _____

    4. Total physical therapy expenses   7/28/2021    _____

    5. Total other expenses (describe below)      _____

    | |

                                              Subtotal (1-5):   **$0.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

    | |

                                              TOTAL (A-F):   **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Count II, Defendant Breached Implied Covenant of Good Faith on June 30th, 2017 | $175,000.00 |
| | Total | $175,000.00 |

| Signature of Attorney/Unrepresented Plaintiff: X | | Date: July 28, 2021 |
|---|---|---|

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | | Date: July 28, 2021 |
|---|---|---|

SC0001: 1/22/2021

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVL ACTION NO:

**RECEIVED**

JANEDA ROSSI,

        Plaintiff,

7/28/2021

JP

v.

VERIZON COMMUNICATIONS INC.

        Defendant

VERIFIED COMPLAINT FOR DECLARATORY RELIEF

OVEVERVIEW OF THE ACTION

This action for declaratory relief arises from a transaction that occurred between the plaintiff, Janeda Rossi and the defendant, Verizon Communications Inc from on or about June 23rd, 2017, thru July 7th, 2017. The plaintiff during that time frame was a patient at the Bay Ridge Hospital in Lynn, MA pursuant to M.G.L ch.123 section 12. During the time period when the plaintiff, July 30th, 2017, was in the Bay Ridge Hospital she entered numerous transactions and contracts with the defendant, her employer, to terminate her employment, retire and withdraw her retirement-pension funds. At all times during the time frame when these transactions and contracts were being executed, the plaintiff was suffering from a mental illness and was incompetent and did not have the legal capacity to enter these contracts with the defendant. The plaintiff suffered substantial economic loss as a result of these contracts. The Plaintiff seeks a declaratory judgment that the contracts she entered with the defendant to terminate her employment, retire and withdraw her retirement and pension funds are unenforceable, null and void.

PARTIES

1. The plaintiff, Jaeda Rossi is a resident of 200 Leisure Lane, Unit 97, Stoneham, Middlesex County

2. The defendant is a corporation in the business of telecommunications that is duly organized in the Commonwealth of Massachusetts with a principal place of business in Lowell, Middlesex County

JURSIDCITON AND VENUE

3. The Court has Jurisdiction over this action pursuant to M.G.L Chapter 231A, section 1 & 2. Venue in Middlesex County as the plaintiff resides in Middlesex County and the defendant has a principal place of business at 900 Chelmsford Street, Lowell, Middlesex County

STATEMENT OF FACTS

4. The plaintiff was employed with Verizon Communications Inc from 1996 thru June of 2017 in the customer service department

5. The plaintiff developed Post Traumatic Stress Disorder and panic disorder in 2013 as a result of the work conditions at Verizon Communications Inc.

6. The plaintiff was admitted to the Bay Ridge Hospital for mania on June 23rd, 2017, by the Police

7. The plaintiff was examined and evaluated at the Bay Ridge Hospital by their physicians.

8. On June 28th, 2017, Dr. Canh Vu, M.D issued a report that stated that the plaintiff was mentally ill by reason of a substantial disorder, namely Bi-Polar Disorder, Mania with psychosis.

9. On 6-28-2017 the Bay Ridge Hospital filed a Petition for Determination of Incompetency for the plaintiff. Dr. Vu, M.D opined that the plaintiff was unable to appreciate the nature of her illness, the consequences of her illness and the risks of her illness being left untreated.

10. While admitted at the Bay Ridge Hospital, from June 23rd, 2017, thru her discharge date on July 7th, 2017the plaintiff was under a commitment Order under M.G.L chapter 123 Section 12

11. On or about June 30th, 2017, the plaintiff reached out to the defendant to regarding her health insurance coverage for her hospitalization

12. On or about June 30th, 2017, the defendant did, via overnight service, send a large package of documents that included a complex application for termination of her employment, withdrawal of her accumulated pension and request for retirement package to the plaintiff at the Bay Ridge Hospital, 60 Granite Street, Lynn, MA

13. The plaintiff did not read or understand the Retirement package of documents that she received while she was hospitalized at the Bay Ridge Hospital on or about June 30th, 2017, due to her mental illness.

14. The plaintiff was incapable of understanding the nature and quality of the retirement package and did not understand the significance of signing all the retirement paperwork due to her mental illness

15. On June 30th, 2017, the plaintiff, while at the Bay Ridge Hospital was taking prescribed medications, including Antipsychotic drugs to treat her Bi-Polar disorder that caused her to be tired, fatigued and mentally weak.

16. On or about June 30th, 2017, the plaintiff was suffering from a mental illness, Bi-Polar disorder with mania and psychosis that prevented her from understanding the significance and consequences of the termination of her employment, pension withdrawal and retirement papers that she signed

17. The plaintiff as a result of executing the retirement package of documents suffered the loss of her job and monetary loss due to her accepting the Pension in a Lump Sum option.

18. The plaintiff suffered economic loss, increased State and Federal Tax liabilities on her lump sum pension withdrawal as a result of signing the retirement package on or about June 30th, 2017

19. The plaintiff, due to her commitment under G.L ch.123 section 12 while at the Bay Ridge Hospital, she did not have the opportunity to retain counsel to review retirement package nor was able to consult with a financial planner before she signed the Pension withdrawal -retirement paperwork.


COUNT II

BREACH OF THE IMPLIED COVENANT OF GOOD FAILTH

20.   The plaintiff repeats all allegations contained in paragraph 1 thru 19.

21. The defendant breached the implied covenant of good faith in it`s dealings with the plaintiff in June of 2017.

22. The defendant knew or should have known of the plaintiff`s mental illness and her incompetence to contract when they mailed a large, complex package of retirement documents to the plaintiff, not at her home address but to the Bay Ridge Hospital in Lynn, MA

23. The defendant`s actions in rushing the employment termination, pension withdrawal and retirement package to the plaintiff via overnight mail to a hospital was undertaken in bad faith and deprived the plaintiff the opportunity to maintain her employment status.

24. As a result of the bad faith by the defendant in the contractual transaction with the plaintiff on or about June 30th, 2017, the plaintiff suffered a loss of her job, economic damages and increased State and Federal Tax Liabilities.

25. As a direct and proximate result of the defendant`s bad faith, willful and wrong actions, the Plaintiff has suffered harm, injury and damages and is entitled to relief

PRAYER for RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court:

1. Declare that the Contract entered between Plaintiff and Defendant on or about June 30ht, 2017 whereas the Plaintiff agreed to terminate her employment, withdraw her pension and retire be null and void as the Plaintiff did not have the legal capacity or mental competence at the time, she signed all the contracts

2. Declare that the Defendant breached the Implied Covenant of Good Faith and Fair Dealings when they engaged in the contractual transactions with the Plaintiff on or about June 30th, 2017

3. Award the Plaintiff her economic damages suffered as a result of the Defendant`s bad faith including but not limited to the Plaintiff`s increased State and Federal Tax Liabilities due to her early Pension withdrawal.

4. Award the Plaintiff her legal fees, costs and all other relief the Court deems reasonable and proper including r but not limited to reinstating the Plaintiff`s employment and Pension status with the Defendant.

DEMAND FOR A JURY TRIAL

Plaintiff demands a Jury Trial on all issues properly so tried.

Janeda Rossi
By her Attorney

Joseph P. Franzese
BBO# 547989
152 The Lynnway, 3B
Lynn, MA 01902
781-477-0300
  781-477-0308 (fax)
Email: Joefran7@yahoo.com

VERIFICATION

I, Janeda Rossi hereby declare under the pains and penalties of perjury that the factual allegations contained in this verified complaint for declaratory relief are true and accurate to the best of my knowledge, information and belief this. 15th day of July 2021

Janeda Rossi
200 Leisure Lane, Unit 97
Stoneham, MA 02180