UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANEDA ROSSI, <br><br> Plaintiff, <br><br> vs. <br><br> VERIZON COMMUNICATIONS, INC., <br><br> Defendant. | No. 1:21-cv- 11389 <br><br> *Leave to File Granted on November 12, 2021* |

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Verizon Communications, Inc. ("Verizon") submits this brief in Reply to the Opposition brief of Plaintiff Janeda Rossi (Doc. No. 16) to Verizon's Motion to Dismiss (Doc. Nos. 7 and 8). As Verizon demonstrates below, Ms. Rossi's Opposition confirms that her Complaint fails to state a claim and should be dismissed for several reasons.

**I.   Argument**

**A.   Plaintiff Concedes That She Ratified the Verizon Pension Plan Agreement**

Ms. Rossi did not address Verizon's motion argument that she ratified her Pension Plan Agreement by keeping its substantial payout (over $329,000), and by not seeking to revoke it for over four years. (See Def. Br., Doc. No. 8, Point Four). As a matter of law, her silence amounts to concession of that argument. See Leader v. Harvard Univ. Bd. of Overseers, 2017 WL 1064160 at * 6 (D. Mass. March 17, 2017); Perkins v. City of Attleboro, 969 F. Supp. 2d 158, 177 (D. Mass. 2013).  For this reason alone, therefore, her Complaint should be dismissed.

1

B. **Plaintiff's Own Description of Her Claims Makes Plain They Relate to the Verizon Pension Plan and Therefore, Her Lawsuit Is Pre-Empted by ERISA**

Ms. Rossi's argument that her claims do not relate to the Verizon Pension Plan and are, therefore, not preempted by ERISA is irreconcilable with her own description of her lawsuit. As she describes it, Verizon engaged in "bad faith" by overnighting her the Pension Plan Agreement while she was hospitalized. As remedies she is "seeking to set aside [her Pension Plan Agreement] and be reinstated to her job with health insurance benefits [and] monetary damages for the additional tax liabilities due to [her Pension Plan Agreement]." (Pl. Opp., Doc. No. 16, pp. 2, 4). Given that, on their face, the Pension Plan Agreement is the *sine qua non* of her claims and demanded remedies, they are plainly pre-empted. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983) (ERISA pre-empts every state law claim that "has a connection with or reference to such a plan."); Otero Carrasquillo v. Pharmacia Corp., 466 F.3d 13, 20 (1st Cir. 2006); see also Newman v. Metropolitan Life Ins. Co., 2013 WL 951779, * 8 (D. Mass. March 8, 2013) (ERISA pre-empts lawsuit alleging bad faith denial of benefits).

Otero Carrasquillo is on point. As here, the plaintiff complained about the manner in which his employer advised him about applying for plan benefits. There, the plaintiff alleged that his employer fraudulently induced him into delaying his application for severance plan benefits and then changed the application deadline without informing him. In holding that the plaintiff's fraudulent inducement claim was pre-empted by ERISA, the First Circuit explained that the plaintiff's claim was "related to" the plan because it would require a court to review the terms of the plan's process for informing employees of the application process and its deadlines. Otero Carrasquillo, supra, 466 F.3d at 20.

Here, just as in Otero Carrasquillo, the Plaintiff's allegations complain about the manner in which her employer advised her of her right to apply for plan benefits. To determine the merits

2

of Ms. Rossi's claims, this Court would need to review the terms of the Pension Plan pertaining to sending the Pension Plan Agreement to employees, and its process for retracting acceptance of the Agreement. Accordingly, ERISA pre-empts her claims and her Complaint should be dismissed for this second, wholly dispositive reason.

### C. Plaintiff Does Not Dispute That the Damages She Seeks are Precluded by ERISA's Exclusive Remedies Scheme

Having placed all her arguments in the "ERISA does not pre-empt my claims" basket, Plaintiff ignored Verizon's argument that ERISA's exclusive remedy scheme precludes the damages she seeks – the economic damages for the extra tax liabilities she incurred by taking her $329,000+ pension distribution in a lump sum, and the reinstatement of her employment and its accompanying health insurance benefits.[1] (See Def. Br., Doc. No. 8, Point One(B)). Because Plaintiff's silence concedes Verizon's argument, her Complaint must be dismissed for this third, independent reason.

### D. Plaintiff's Argument That Her Claims Are Subject to Massachusetts' Statute of Limitations Is Specious Given that ERISA Pre-Empts Them

Plaintiff's conclusory argument that her claims are subject to Massachusetts' six-year limitations period for contract actions, and not to ERISA's three-year limitations period for fiduciary duty claims, is simply an extension of her argument that ERISA does not apply to her claims. As Verizon demonstrates above, and in Points Two and Three of its initial moving brief, Plaintiff's claims are governed by ERISA because they unquestionably relate to the Verizon Pension Plan. Thus, for this fourth reason, Plaintiff's Complaint should be dismissed.

---

[1] Any claim concerning health insurance benefits is also governed by ERISA, and consequently, ERISA preemption also precludes any cause of action or claim that relates to health insurance benefits maintained by Verizon for the benefit of its employees.

4532275
DPR/234446/0002/1796096v1
11/12/21-HRT/DLP

### E.     The Statement Plaintiff Submitted by Her Doctor
### <u>Refutes Her Excuse for Failing to Timely File Her Lawsuit</u>

The very materials Plaintiff (improperly[2]) submitted with her Opposition Brief dooms her argument that her lawsuit is not barred by ERISA's three-year limitations period for breach of fiduciary duty claims, 29 U.S.C. § 1113. Her doctor's statement that since July 7, 2017, Ms. Rossi has been fine and emotionally stable, and that she is aware that her Verizon employment had ended, precludes her excuse for waiting over four years before filing suit:

> Her hospital stay was from 6/23/17 till 7/17/17. . . . It was during this time she reportedly quit her job at Verizon.
>
> \*      \*      \*
>
> Since being released from the hospital, she has been doing well, and back to her baseline functioning. She has expressed an interest in returning to work at Verizon. Currently, her mood is stable and is physically much improved.

(Pl. Opp., Doc. No. 16, Exh. C, p. 1).

Morevoer, Plaintiff's argument that she did not become "fully aware of the consequences of [Verizon's] breach of the implied covenant of good faith until September 17th, 2018," when she received from the IRS, a tax assessment of $14,620, misstates the law.  No authority is cited nor does it exist to support her position that the applicability of ERISA's statute of limitations is dependent upon when a plaintiff becomes "fully aware" of every possible consequence of a fiduciary's alleged breach as opposed to knowledge of the alleged breach.  As the First Circuit has made clear, "knowledge of every fact necessary to prevail on a claim is not required. . . ." <u>Epstein</u>

---

[2] Plaintiff's submissions with her Opposition --- her Affidavit, her doctor's statements, and an IRS notice --- are improper because the court has not converted Verizon's motion to dismiss into a motion for summary judgment, and because none of the documents falls within the narrow exceptions for documents to be considered outside of the complaint. <u>Watterson v. Paige</u>, 987 F.3d 1, 3 (1st Cir. 1993) (exception exists for documents whose authenticity is not disputed, for public records, and for documents sufficiently referred to in the complaint).

4

v. C.R. Baird, 460 F.3d 183, 188 (1st Cir. Aug. 25, 2006). Rather, the limitations period commences when a plaintiff should have reasonably discovered that she has been, or may have been, harmed by the defendant's conduct. Id. at 187; see also 29 U.S.C. § 1113(2) (limitations period commences "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation").

As Ms. Rossi's own doctor confirms, Plaintiff has, by virtue of being mentally stable, known since July 7, 2017 that: (i) Verizon sent her the Pension Plan Agreement while she was hospitalized; and (ii) her execution of the Pension Plan Agreement ended her Verizon employment and its accompanying health benefits. Accordingly, her lawsuit based on these allegations, filed on July 28, 2021, is time-barred.

**II.   Conclusion**

For the above reasons and for the reasons set forth in its initial moving brief (Doc No. 8), Defendant Verizon Communications, Inc. respectfully requests that this Court grant its motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

Dated:  November 12, 2021

McELROY, DEUTSCH,
MULVANEY & CARPENTER, LLP
Attorneys for Defendant
Verizon Communications Inc.

*/s/ David P. Russman*
David P. Russman BBO 567796
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Ten Post Office Square
8th Floor, Suite 800S
Boston, MA 02109
t. (617) 748-5500
f. 617-748-5555
drussman@mdmc-law.com

5

## CERTIFICATE OF SERVICE

I, David P. Russman, hereby certify that on this 12th day of November, 2021, I served a true and accurate copy of the foregoing through the Court's Electronic Filing System and by emailing to:

>Joe Franzese, Esq.
>Franzese & Franzese, PC
>152 The Lynnway, Suite 3B
>Seaport Landing
>Lynn, MA  01902
>Joefran7@yahoo.com

>>*/s/ David P. Russman*
>>—————————————
>>David P. Russman

4532275
DPR/234446/0002/1796096v1
11/12/21-HRT/DLP